### · CARL RAGLAND v. STATE.

No. A-851.  Opinion Filed December 13, 1911.

(119 Pac. 277.)

APPEAL AND ERROR—Review—Sufficiency of Evidence. The credibility of witnesses and the weight or value to be given to their testimony is a question solely for the jury's determination, and to reverse a judgment for the reason that the verdict is contrary to the evidence, this court must find as a matter of law that the evidence is insufficient to warrant the conviction.

(Syllabus by the Court.)

*Appeal from Texas County Court; W. C. Crow, Judge.*

Carl Ragland was convicted of a misdemeanor, and appeals. Affirmed.

*Wiley & Edens* and *J. C. Breslin,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J.  The plaintiff in error was convicted in the county court of Texas county, and on May 10, 1910, was sentenced to serve a term of three months in the county jail, and to pay a fine of $50, on an information which charged that Carl Ragland, did on or about the 7th day of July, 1909, "commit the crime of carrying a deadly and dangerous weapon openly with the intent and for the avowed purpose of injuring his fellow men in the manner and form as follows, to wit: Did then and there wilfully, maliciously, and unlawfully carry openly a dan-

gerous and deadly weapon, to wit, a shotgun, with the intent of injuring his fellow man, T. H. Latham." From the judgment and the order denying a new trial this appeal is taken.

The only question presented is: "That the verdict is contrary to the evidence and the law." The testimony shows that T. M. Latham, sheriff of Texas county, with J. V. Farr, city marshal of Guymon, arrested the defendant while he was driving up and down the streets of Guymon in a surrey with a loaded shotgun; that upon his arrest he stated to the sheriff that he was going to kill him—that they both could not live in the same county. It was further shown that shortly before his arrest he had announced that he intended to kill Sheriff Latham. The defendant, testifying on his own behalf, denied that he had made any threats to kill the sheriff; that at the time he was preparing to go upon a hunting trip. Joe Vaney testified that the defendant called him up by phone and ordered a team to go hunting, and that he delivered the rig to the defendant shortly before he was arrested.

The provision of the Penal Code under which this conviction was had is as follows (section 2751, Snyder's Stat. 1909):

"It shall be unlawful for any person in this state to carry or wear any deadly weapons or dangerous instruments, whatsoever, openly or secretly, with the intent or for the avowed purpose of injuring his fellow man."

There was testimony showing the intent and avowed purpose of the defendant in carrying the shotgun, and, while there is some conflict, the testimony was with proper instructions submitted to the jury, and the verdict of the jury on the questions of fact is conclusive upon this court. It is no more the province of an appellate court than of the trial court to determine controverted questions of fact arising upon conflicting evidence. Neither can lawfully usurp the functions of the jury, and neither can substitute its judgment for that of the jury, where there is a conflict in the evidence. The credibility of the witnesses and the weight or value to be given to their testimony is a question solely for the jury's determination, and to reverse a judgment

for the reason that the verdict is contrary to the evidence, this court must find that as a matter of law the evidence is insufficient to warrant the conviction. On the record before us there is nothing for this court to do, other than to affirm the judgment.

The judgment of the county court of Texas county is therefore affirmed.

FURMAN, P. J., and ARMSTRONG, J., concur.